UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONALD JOHN THIBODEAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-513 |
| | ) | (REEVES/SHIRLEY) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION

This action comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court in consideration of Plaintiff's Application to Proceed *In Forma Pauperis*. [Doc. 2]. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned. For the reasons set forth herein, the Court finds that Defendant's Complaint fails to state a claim upon which relief may be granted.

Title 28 U.S.C. § 1915 ensures impoverished litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948); Neitzke v. Williams, 490 U.S. 319, 324 (1989). The statute "allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit." Denton v. Hernandez, 504 U.S. 25, 27 (1992).

The court's review of an *in forma pauperis* application is normally based solely upon a person's demonstration of poverty in his affidavit. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). To meet the requirements for an order to proceed *in forma pauperis*, the

1

petitioner must show, by affidavit, that they are unable to pay court costs and fees. 28 U.S.C. § 1915(a). An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." <u>Adkins</u>, 335 U.S. at 339. The decision to grant or deny such an application lies within the sound discretion of the court. <u>Id</u>. at 337.

In the present case, the petitioner's Application to Proceed *In Forma Pauperis* and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed *In Forma Pauperis*, therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. <u>Gibson v. R.G. Smith Co.</u>, 915 F.2d 262-63 (6th Cir. 1990); see <u>Harris v. Johnson</u>, 784 F.2d 222 (6th Cir. 1986). **However, the Clerk shall not issue process at this time** for the reasons set forth herein.

**A.** <u>**Jurisdiction**</u>

Judicial review of Social Security claims and claims for Medicare benefits are governed by 42 U.S.C. §§ 405(g) and 405(h). See <u>Willis v. Sullivan</u>, 931 F.2d 390, 396 (6th Cir. 1991) (discussing judicial review of Social Security claims) and <u>Wyninger v. Thompson</u>, No. 03-2481 M1, 2004 WL 2375636, at *2 (W.D. Tenn. Mar. 24, 2004) (discussing judicial review of Medicare claims). Specifically, section 405(g) states:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business . . .

2

Case 3:14-cv-00513-PLR-CCS   Document 3   Filed 11/18/14   Page 2 of 6   PageID #: 21

42 U.S.C. § 405(g); see also 42 U.S.C. § 1395ff (explaining that any reference in § 405(g) to the "Commissioner of Social Security" or the "Social Security Administration" shall be considered a reference to the "Secretary" or the "Department of Health and Human Services"). Furthermore, § 405(h) provides that the "findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

In the present matter, there is no evidence that the Plaintiff has filed a claim to receive Social Security Income or Medicare benefits. The Plaintiff makes reference to a letter from the Commissioner dated September 4, 2014 which allegedly "states that I have exhausted my 'in house' appeals with their system."[Doc. 1 at 2]. However, such a letter or any other evidence of an application for Social Security benefits is entirely absent from the record. Without an initial determination from the Secretary as to whether the Plaintiff is eligible for benefits, this Court has no jurisdiction to hear the Plaintiff's claim. 42 U.S.C. § 405(g). Accordingly, the Court finds that the Plaintiff has failed to demonstrate any grounds for federal jurisdiction in this case.

**B.** **Failure to State a Claim**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous if it fails to state a claim upon which relief may be granted. See Neitzke v. Williams, 490 U.S. at 327-28. In assessing whether a complaint states a claim upon which relief can be granted, the Court adheres to the standard of Federal Rule of Civil Procedure 12(b)(6), as set forth in Ashcroft v. Iqbal, 556 U.S. 662, 677–79 (2009) and Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555–57 (2007). As our Supreme Court made clear:

> in order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556-57).

The Court finds that the Plaintiff has failed to meet this standard. The Court takes note that "*pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). However, judicial efficiency requires compliance to minimum pleading requirements, even for the *pro se* litigant. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (explaining that *pro se* plaintiffs must still be held to the minimum requirements because so "[m]any of these suits waste the time of public officials, lawyers and the courts.").

Here, Plaintiff has failed to state any factual allegations upon which relief can be granted. As his grounds for relief, Plaintiff states, "I want to ask for a court review of the administrative law judge's decision and to correct all the wrongdoings of the [Social Security Insurance] Program towards me." [Doc. 1 at 1]. In response to an alleged letter from the Commissioner informing Plaintiff that he had exhausted the agency's in-house appeals system, Plaintiff states that, "I wholeheartedly disagree with their decisions and I am taking my case to federal district court." [Doc. 1 at 2]. Under relief sought, Plaintiff requests the following:

  a. I want my day in court to prove my case and get my full and complete justice and recompense.
  b. I want all my rights, benefits, monies, etc. restored and enhanced to me.
  c. I want their/SSI full admission of truth and failures towards me and a sincere and complete oral and written apologies and change of their ways.

4

[Doc. 1 at 3].

Although the Plaintiff's allegations are not clearly stated, it appears that he is seeking Social Security Income and Medicare benefits. The finality requirement in 42 U.S.C. § 405(g) consists of two elements: (1) a claim for benefits must be presented to the Secretary; and (2) the decision must be final in that the claimant has exhausted the administrative remedies prescribed by the Secretary. Willis, 931 F.2d at 396. The first element is jurisdictional, and the Court has already found that the Plaintiff has not shown whether he presented a claim for benefits to the Secretary. Logically, because the Complaint lacks proof of the first element, the Court also finds that there is no indication that the Plaintiff has exhausted his administrative remedies. There is no evidence that the Secretary issued a final decision in this matter, yet alone any decision. Accordingly, the Court finds that the Plaintiff has failed to state a claim upon which relief can be granted. See Horn v. Astrue, No. 1:12-cv-6, 2012 WL 4758087, at *1-2 (E.D. Tenn. Mar. 1, 2012) (dismissing plaintiff's claim pursuant to 28 U.S.C. § 1915 because he did not exhaust his administrative remedies), aff'd, No. 1:12-cv-6, 2012 WL 4758081 (E.D. Tenn. Oct. 5, 2012).

Further, the Court finds that Plaintiff's Complaint fails to meet the minimum pleading requirements. The Complaint is absent any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. The relief sought is improper and outside of the Court's discretion, consisting only of a request for Plaintiff's "day in court," a vague demand for restoration of Plaintiff's unidentified rights and property, and an apology from the Commissioner. [See Doc. 1 at 3].

III.   CONCLUSION

In sum, the Court finds the Plaintiff's Application to Proceed *In Forma Pauperis*, [Doc. 2], to be well-taken, and the Clerk is **DIRECTED** to file the complaint in this case without

5

prepayment of costs or fees.  No process shall issue, however, until the District Judge has ruled upon this Report and Recommendation, because it is **RECOMMENDED** that the Plaintiff be **ORDERED** to **SHOW CAUSE** as to why his Complaint should not be dismissed due to its jurisdictional deficiencies and, under 28 U.S.C. § 1915(e), for failure to state a federal claim upon which relief can be granted.  The Plaintiff may seek to amend his Complaint to allege specific facts that entitle him to relief and cure the deficiencies noted herein (e.g., his Social Security Administration case name and number, the basis for his claim of disability brought before the Commissioner, the Commissioner's ruling and date of decision, and what rights Plaintiff allege have been violated).

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson v. R.G. Smith Co., 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*[1].

Respectfully Submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).